CLARENCE LEXOW and Others, Respondents, v. MILO M. BELDING, JR., Appellant.

*Evidence — competency of a letter, in behalf of the party writing it, to refute a prior letter written by him.*

In an action brought by a firm of attorneys against the defendant, who was one of a number of fire insurance underwriters doing business upon the Lloyds plan, to recover the value of professional services rendered by the attorneys in winding up the underwriters' affairs, the question litigated was whether the attorneys agreed to perform the services in question for $300 from each underwriter, which sum they had received, or whether that sum was merely a retaining fee.

The contract of employment was made by the chairman of a committee of the underwriters, and it appeared that he wrote to each of the underwriters stating that the committee had decided " to call for a preliminary subscription of $300 from each subscriber for the purpose of paying legal fees and other expenses which need immediate attention " and requesting each underwriter to forward to him a check for that amount. This letter was offered in evidence by the plaintiffs and received without objection.

It further appeared that on the following day the chairman wrote a letter to one of the underwriters acknowledging the receipt of such underwriter's check for $300, and stating that he had sent it to the attorneys, and that "The arrangement with them is that for the $300 they will, as attorneys, give all necessary attention in court and out to protect your interest as a subscriber to the policies of ' The Lloyds.' This is not a retaining fee only, but in full payment of their services. The whole amount sent by you goes to them for their use in your defense." This letter was offered in evidence by the defendants and was received, but was thereafter decided to be inadmissible.

*Held*, that the second letter was admissible.

GOODRICH, P. J., dissented.

APPEAL by the defendant, Milo M. Belding, Jr., from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Rockland on the 21st day of May, 1901, upon the verdict of a jury, and also from an order entered in said clerk's office on the 1st day of June, 1901, denying the defendant's motion for a new trial made upon the minutes.

*Isaac B. Potter*, for the appellant.

*Arthur S. Tompkins* and *Harry S. Bandler*, for the respondents.

WILLARD BARTLETT, J.:

This action is brought to recover the reasonable value of professional services rendered to the defendant by the plaintiffs as attorneys and counselors at law.

The defendant was one of fifteen fire insurance underwriters, doing business under the name of the Lloyds, of New York city. These underwriters having determined to suspend business, employed the plaintiffs to act for them in adjusting and settling their affairs.

The principal question litigated upon the trial was whether the plaintiffs agreed to perform the contemplated services for $300 from each underwriter, or whether the sum of $300 received from each was merely a retaining fee. Upon this question there was a square dispute between Mr. Mackellar, one of the plaintiffs, on the one hand, and the defendant and Mr. Douglas R. Satterlee, on the other. Mr. Satterlee was one of the underwriters and chairman of the committee which acted for them in this matter. He was called as a witness for the defendant and testified to an interview with Mr. Mackellar at which the defendant was also present, in which Mr. Mackellar said, according to his recollection, that the payment of $300 was to cover everything coming to the plaintiffs except disbursements.

Upon the cross-examination of Mr. Satterlee it appeared that he had caused to be written and sent to each of the underwriters a letter, of which the following is a copy or draft:

"NEW YORK, *Sept.* 9*th*, 1896.

" At a meeting this day of the Committee appointed at a meeting of the subscribers to the Lloyds, held on Sept. 8th, 1896, it was decided to call for a preliminary subscription of $300 from each subscriber, for the purpose of paying legal fees and other expenses which need immediate attention. You are requested therefore to forward a cheque for this amount at once to D. R. Satterlee, Chairman, as these payments must be at once met for the benefit and protection of all subscribers.

"Yours, respectfully,

" ———— ————,

" *Chairman.*

" The counsel for the subscribers, Mess. Lexow, Mackellar & Wells, will continue in their interests."

This letter was offered in evidence by the plaintiffs, and received without objection.

On further examination Mr. Satterlee testified that immediately after the interview between himself and Mr. Mackellar, to which reference has already been made, he wrote the following letter to Messrs. Worthington, Smith & Co., who belong to the association of underwriters :

"NEW YORK, *September* 10, 1896.

"Messrs. WORTHINGTON, SMITH & Co. :

"DEAR SIRS.— Yours of the 10th inst. is received with enclosed your check for $300 which I have endorsed over and sent to Lexow, Mackellar & Wells and we will have them give you a receipt therefor. The arrangement with them is that for the $300 they will, as attorneys, give all necessary attention in court and out to protect your interest as a subscriber to the policies of 'The Lloyds.' This is not a retaining fee only, but in full payment of their services. The whole amount sent by you goes to them for their use in your defense.

"Yours truly,

"D. R. SATTERLEE,

"*Chairman of Committee.*"

Counsel for the defendant offered this letter in evidence as explanatory of the foregoing letter of September 9, 1896, which had been offered by the plaintiffs. It was objected to as immaterial, irrelevant, incompetent and hearsay, so far as the plaintiffs were concerned. The court overruled the objection and received the letter.

When the learned trial judge came to charge the jury, however, he concluded that this second letter was not admissible, and he struck it out, giving the defendant an exception, and instructed the jury that they were not to consider it at all.

It seems to me that this action was erroneous and requires a reversal of the judgment. No doubt it is the general rule that a declaration made by a witness out of court in corroboration of testimony given by him upon the trial, is inadmissible. (*Robb* v. *Hackley*, 23 Wend. 50.) If, therefore, this Satterlee letter had been offered simply to corroborate the testimony of the writer, given upon the trial, it should have been excluded. But I think the evi-

dence was clearly competent for another purpose. By introducing the letter of September 9, 1896, in which Satterlee referred to the $300 as a " preliminary subscription," the plaintiffs sought to discredit the testimony of the witness to the effect that it was agreed in the interview with Mr. Mackellar that the $300 was to cover all of the expenses. That letter might well be regarded as a contemporaneous declaration inconsistent with the testimony given by Mr. Satterlee on the stand. If such declaration at or about the time it was made was accompanied or immediately followed by another utterance of the same witness, which tended to limit, qualify or explain it, the defendant was entitled to prove such utterance ; and this he did by producing and putting in evidence the second letter, written the very next day, declaring that the $300, under the arrangement with the plaintiffs, was not only a retaining fee, but in full payment for their services. I think that the second letter, following the first one so closely in point of time, and relating to the same subject-matter, was properly admitted by the learned trial judge, and that it should not have been stricken out.

If this view is correct, it follows that the judgment should be reversed and a new trial granted.

All concurred, except GOODRICH, P. J., dissenting.

Judgment and order reversed and new trial granted, costs to abide the event.